UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEN ARTHUR MCQUEEN,

        Petitioner,

v.                                    CASE NO. 10-11261
                                      HONORABLE MARIANNE O. BATTANI

GREG McQUIGGIN,

        Respondent.

_____/

**OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION**
**AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

This matter is pending before the Court on petitioner Ben Arthur McQueen's pro se habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's sentence of six to ten years for assault with intent to commit sexual penetration. Having reviewed the pleadings and record, the Court concludes that Petitioner is not entitled to be re-sentenced. Accordingly, the habeas petition will be denied.

**I. Background**

On June 26, 2008, Petitioner pleaded nolo contendere in Isabella County Circuit Court to assault with intent to commit sexual penetration, Mich. Comp. Laws § 750.520g. The victim was a fifteen-year-old mentally retarded girl.

In return for Petitioner's plea, the prosecutor dismissed four counts of third-degree criminal sexual conduct and a few unrelated cases. The prosecutor also reduced the charges in two other cases, agreed not to charge Petitioner as a habitual

offender, and promised to recommend a sentence within the applicable sentencing guidelines range. On July 18, 2008, the trial court sentenced Petitioner within the sentencing guidelines to imprisonment for six to ten years.

Petitioner challenged his sentence in a delayed application for leave to appeal. The Michigan Court of Appeals denied the application "for lack of merit in the grounds presented." See People v. McQueen, No. 290156 (Mich. Ct. App. Mar. 5, 2009) (unpublished). On June 23, 2009, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review Petitioner's claim. See People v. McQueen, 766 N.W.2d 834 (Mich. 2009). Petitioner filed his habeas corpus petition on March 30, 2010.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

In this case, neither the Michigan Court of Appeals, nor the Michigan Supreme Court, assessed the merits of Petitioner's claim regarding the trial court's scoring of the state sentencing guidelines. Where no state court has assessed the petitioner's claims

2

on the merits, the deference due under § 2254(d) does not apply, and habeas review is de novo. Dorn v. Lafler, 601 F.3d 439, 442 (6th Cir. 2010) (citing Maples v. Stegall, 340 F.3d 433, 436-37 (6th Cir. 2003)).

### III. Discussion

#### A. The Michigan Sentencing Guidelines

Petitioner alleges that he is entitled to be re-sentenced because the trial court erroneously scored ten points for offense variable (OV) 4 of the Michigan sentencing guidelines. OV 4 measures psychological injury to a victim. Mich. Comp. Laws § 777.34. Ten points may be scored if the victim suffered "[s]erious psychological injury requiring professional treatment." Mich. Comp. Laws § 777.34(1)(a).

Petitioner contends that there was no record evidence to support the trial court's assumption that the victim suffered serious psychological injury. In support of this argument, Petitioner relies on state court decisions holding that the State's sentencing guidelines, and OV4 in particular, may not be scored on the basis of insufficient evidence from the record.

"A state court's alleged misinterpretation of state sentencing guidelines . . . is a matter of state concern only," Howard v. White, 76 F. App'x 52, 53 (6th Cir. 2003), and "[i]ssues of state law cannot form the basis for habeas relief." Landrum v. Mitchell, 625 F.3d 905, 913 (6th Cir. 2010) (citing Lewis v. Jeffers, 497 U.S. 764, 780 (1990), and Estelle v. McGuire, 502 U.S. 62, 67 (1991)). Although Petitioner also claims that he was sentenced on the basis of inaccurate information in violation of his constitutional right to due process, a sentence violates due process only if the trial court relied on "extensively and materially false" information, which the defendant had no opportunity to

3

correct through counsel. Townsend v. Burke, 334 U.S. 736, 741 (1948). "Townsend and its progeny are generally viewed as having established a due process 'requirement that a defendant be afforded the opportunity of rebutting derogatory information demonstrably relied upon by the sentencing judge, when such information can in fact be shown to have been materially false.'" Stewart v. Erwin, 503 F.3d 488, 495 (6th Cir. 2007) (quoting Collins v. Buchkoe, 493 F.2d 343, 345 (6th Cir. 1974)).

Petitioner's trial attorney objected to the scoring of OV4 at Petitioner's sentencing. He claimed that there was no record evidence to support the conclusion that the victim suffered psychological injury. The prosecutor responded that the victim had the mental capacity of a ten-year-old and that she had circled certain pictures on her victim impact statement. The pictures indicated that she felt sad, confused, and mad. She also drew three figures and wrote that she felt "really mad, really very sad, and really very confused." See Tr. July 18, 2008, at 5; see also Answer in Opp'n to Pet. for Writ of Habeas Corpus, Ex. B 3. The trial court was satisfied with the prosecutor's representations and declined to alter the score for OV4. See Tr. July 18, 2008, at 5-6.

The victim's comments that she felt "really mad, really very sad, and really very confused" are some indication that she suffered serious psychological injury. The fact that she may not have sought treatment is inconclusive. Mich. Comp. Laws § 777.34(2). The Court therefore finds that the trial court did not rely on materially false information, which Petitioner had no opportunity to correct. To the extent that Petitioner has raised a constitutional claim, his claim lacks merit.

### B. Blakely v. Washington

Petitioner also asserts that the trial court engaged in judicial fact-finding in violation of his rights under the Sixth Amendment. The Supreme Court held in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court stated that the "statutory maximum" for purposes of Apprendi "is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id. at 303 (emphasis omitted).

Blakely was based on a determinate sentencing scheme, United States v. McCraven, 401 F.3d 693, 700 (6th Cir. 2005), whereas Michigan's sentencing scheme is considered indeterminate. Montes v. Trombley, 599 F.3d 490, 497 (6th Cir. 2010); People v. Drohan, 715 N.W.2d 778, 790 (Mich. 2006). And the United States Court of Appeals for the Sixth Circuit has held that "Apprendi's rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum." Chontos v. Berghuis, 585 F.3d 1000, 1002 (6th Cir. 2009) (explaining Harris v. United States, 536 U.S. 545 (2002)), cert. denied, __ U.S. __, 130 S. Ct. 3413 (2010).

The maximum prison sentence for assault with intent to commit sexual penetration is ten years. Mich. Comp. Laws § 750.520g(1). Petitioner's sentence of six to ten years did not exceed the statutory maximum for his crime. Therefore, his sentence did not violate the Sixth Amendment right not to be sentenced on the basis of facts which he did not admit and which a jury did not determine beyond a reasonable

5

doubt. He has no federal constitutional right to a lesser sentence.

## IV. Conclusion

Petitioner has failed to show that his constitutional rights were violated at his sentencing. Accordingly, the petition for writ of habeas corpus [Dkt. #1] is **DENIED**.

The Court declines to issue a certificate of appealability because reasonable jurists would not disagree with the Court's resolution of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Petitioner nevertheless may proceed in forma pauperis on appeal without further authorization because he was permitted to proceed in forma pauperis in this Court. Fed. R. App. P. 24(a)(3).


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: January 4, 2011


CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon the petitioner, and Counsel for the Respondent.

s/Bernadette M. Thebolt
Case Manager